## BAY COUNTY, *et al.,* v. STATE.

### 157 So. 12.

Opinion Filed September 27, 1934.

*Joseph W. Bailey, E. J. L'Engle* and *J. W. Shands,* for Appellants;

*C. R. Mathis,* State Attorney and *J. H. Clancey,* for Appellee.

PER CURIAM.—Proceedings were brought by the County of Bay under the statute to have validated by judicial decree refunding bonds to be issued by the county, such refunding bonds to be divided in series as follows:

"$2,518,260.00 to be designated Series "A," to be exchanged for Road and Bridge bonds then outstanding, dated subsequent to October 1, 1923, $321,000.00 of Series "B".

bonds to be exchanged for the Toll Bridge Bonds dated July 1, 1925, $50,208.00 of Series "C" to be exchanged for the Toll Bridge Bonds dated January 1, 1924, and $348,-983.00 of Series "D" bonds to be issued in exchange for road bonds dated prior to October 2, 1923. It seems that the principal reason for the division of the road bonds into Series "A" and "D" was merely to group the bonds of the county now outstanding according to the interest rate. The identity of the refunding bonds issued in exchange for the two issues of Toll Bridge Bonds was to be preserved. The bonds to be refunded by Series "A" and "B" bear six per cent. interest, by Series "C" and "D" five per cent."

The court denied the petition for validation on grounds that the resolution adopted by the board of county commissioners for issuing the bonds (1) "attempts to irrevocably pledge all the revenues and income of the county derived from sources other than *ad valorem* taxes, for the payment of principal and interest of the proposed refunding bonds"; (2) attempts to provide that the county officials shall require delinquent taxes for 1930 and subsequent taxes (except taxes levied for road and bridge bonds) shall be paid in lawful money of the United States of America, and that said county officials shall not accept nor authorize the acceptance of bonds or interest-bearing coupons in payment of delinquent taxes heretofore levied for the payment of road and bridge refunding bonds; (3) attempts to accelerate the due dates of the refunding bonds upon default in paying interest; (4) attempts to make receipts from use of toll bridges applied to pay bonds.

The statutes expressly provide that the receipts from the use of bridges shall be expended (1) in the operation and maintenance of the bridges, (2) in payment of interest on the bonds issued for building the bridges and (3) in providing a sinking fund for such bonds. Such an application

of the funds collected for use of the bridges of the county is recognized by the resolutions of the county commissioners.

Other matters herein presented for determination are adjudicated in the cases of County of Bay, *et al.*, v. The State of Florida, No. 2931, and State of Florida, *et al.*, v. County of Citrus, *et al.*, this day decided.

The refunding bonds to be validated are not shown to be illegal. The resolutions upon which the refunding bonds are to be issued may be amended, and the bonds may then be validated.

ON MOTION FOR MODIFICATION OF FOREGOING OPINION.

This cause having been submitted to the Court upon Motion of counsel for a modification of the opinion filed here at the present term of Court and same having been duly considered, it is ordered by the Court that the last line of the opinion filed in the said cause be changed so as to read as follows:

"This Court having found that the validation proceedings are legally insufficient to warrant a decree of validation on the present record, but that the illegal portions thereof pointed out in the opinion of the Court may be eliminated and a decree of validation entered in conformity to the opinion of this Court after the proceedings for the issuance and validation of the bonds in controversy have been so amended as to conform to the opinion of this Court, it is considered, ordered and adjudged that the decree appealed from be reversed and that the cause be remanded to the Circuit Court with directions to said Circuit Court to permit the filing in the Circuit Court of an amended and supplemental petition on the part of Bay County, Florida, embodying and setting up any resolutions that may be hereafter adopted by the Board of County Commissioners of

the County aforesaid, modifying the resolutions under which the proposed refunding bonds are to be issued by eliminating from the bonds and the proceedings had for their issuance, the pledges and provisions held invalid by this Court in its opinion filed herein, to the end that the Circuit Court upon the filing of such amended and supplemental petition to conform to the opinion of this Court, may proceed with said validation procedings to a judgment or decree in conformity with the holding of this Court on this appeal."

It is further ordered by the Court that judgment be entered in this cause in accordance with the foregoing amendment.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.